UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND,<br><br>             Petitioner,<br><br>   v.<br><br>WARDEN,<br><br>             Defendant. | Case No. 1:22-cv-01171-CDB (HC)<br><br>ORDER DISMISSING PETITION WITH LEAVE TO FILE A FIRST AMENDED PETITION<br><br>[THIRTY-DAY DEADLINE] |

Petitioner filed a Petition for Writ of Habeas Corpus on September 14, 2022. (ECF No. 1.) A preliminary screening of the petition reveals that it fails to present any cognizable grounds for relief or any facts in support. Therefore, the Court will DISMISS the petition with leave to file an amended petition.

**I.**    **DISCUSSION**

    A.    Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court (hereinafter "Habeas Rule") requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . ." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990), cert denied,

498 U.S. 1096 (1991).  Habeas Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated."  Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir.1983).

### B. Failure to State a Cognizable Federal Claim

The scope of habeas corpus is prescribed by statute.  Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  See also Habeas Rule 1.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

To succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2).  In addition to the above, Habeas Rule 2(c) requires that the petition:

> (1) Specify all the grounds for relief available to the petitioner;
> (2) State the facts supporting each ground;
> (3) State the relief requested;
> (4) Be printed, typewritten, or legibly handwritten; and
> (5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Petitioner has failed to comply with Habeas Rule 2(c) by failing to specify any ground for relief or the facts supporting his claim. Petitioner placed an "X" over the page in the application requesting grounds for relief, supporting facts, and supporting authority. (ECF No. 1).  Habeas Rule 2(c) requires that each ground for relief be clearly stated, along with providing specific factual allegations that support the grounds for relief.  Mayle v. Felix, 545 U.S. 644, 649 (2005) (noting that Habeas Rule 2(c) "requires a more detailed statement" than the rules governing ordinary civil proceedings).  Additionally, Petitioner fails to state how the adjudication of his

claim in state court resulted in a decision that was contrary to, or an unreasonable application of, clearly established Supreme Court authority. Therefore, Petitioner fails to state cognizable federal habeas claim and the petition must be dismissed.

Petitioner will be granted an opportunity to file a First Amended Petition curing these deficiencies. Petitioner is advised that he should entitle his pleading, "First Amended Petition," and he should reference the instant case number.

**II.     ORDER**

Accordingly, the Court **ORDERS**:

1) The Petition for Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE for failure to state a claim; and

2) Petitioner is GRANTED thirty days from the date of service of this order to file a First Amended Petition.

Failure to comply with this Order may result in an Order for Dismissal or a recommendation for a finding of Dismissal pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **November 4, 2022**

UNITED STATES MAGISTRATE JUDGE