UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN, KERN VALLEY STATE PRISON,<br><br>　　　　　　Respondent. | Case No. 1:22-cv-01171-CDB (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS WITH PREJUDICE FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(Doc. 9)<br><br>Clerk of Court to Assign District Judge |

　　Petitioner Joshua Davis Bland is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently before the Court is Bland's First Amended Petition for Writ of Habeas Corpus. (Doc. 9). For the reasons stated below, the undersigned recommends that this petition be dismissed with prejudice.

## I.　　SCREENING OF HABEAS CORPUS PETITIONS

　　Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. *Jarvis v. Nelson*, 440 F.2d 13, 14

(9th Cir. 1971).

## II.     DISCUSSION

**A.  <u>The First Amended Petition is Frivolous</u>**

Petitioner filed his original 28 U.S.C. § 2254 Petition on September 14, 2022.  (Doc. 1). The Court dismissed this Petition for failure to state a cognizable claim and granted Petitioner leave to file an amended petition. (Doc. 6).

Petitioner filed his First Amended Petition on December 5, 2022, in which he challenges his March 2014 conviction in Fresno County Superior Court for possession or control of child pornography with a prior offence in violation of California Penal Code Section 311.11(a) & (b), resulting in two 25-years-to-life sentences. (Doc. 9, p. 1). The First Amended Petition is a 95-page document that purports to assert six grounds for relief:  1) Jurisdiction; 2) Due Process; 3) Misrepresentation; 4) Constitutional Impermissible Application of Statutes; 5) Double Jeopardy; 6) Fraudulent Surety Bond Attachment.  (*Id.*, p. 3).  Petitioner includes in his petition references to the Uniform Commercial Code and the "sovereign 'People' Magna Carta Grand Jury" (*Id.*, p. 68, 70). The First Amended Petition also contains claims that Petitioner was not subject to the state trial court's jurisdiction.  (*Id*. at 8).  Petitioner signed the petition, "Joshua Davis Bland Trust ©" and refers to himself therein as "a private man!"  Similarly, on May 3, 2023, Petitioner filed a "Notice of and Writ of Mandate" where he referred to himself as Joshua Davis Bland © in the signature block and appears to profess additional "sovereign citizen" arguments. (Doc. 10).

Petitioner previously sought habeas relief in this Court and raised similar claims, including, for instance, in *Bland v. Warden*, No. 2:21-cv-00518-TLN-DB-P, 2022 WL 1597730 (E.D. Cal. May 19, 2022), *F&R adopted* by 2022 WL 4359068 (E.D. Cal. Sep. 20, 2022). Petitioner has also unsuccessfully raised such "sovereign citizen" claims in actions he brought pursuant to 42 U.S.C. § 1983. *E.g., Bland v. Moffett*, No. 1:19-cv-01750-JLT-SKO, 2022 WL 1198382, * 3 (E.D. Cal. Apr. 22, 2022).

The Ninth Circuit has held that "sovereign citizen" arguments have "been consistently and thoroughly rejected by every branch of the government for decades.  Indeed[,] advancement of such utterly meritless arguments is now the basis for serious sanctions imposed on civil litigants who

raise them." *United States v. Studley*, 783 F.3d 934, 973 n. 3 (9th Cir. 1986).

Although couched in varying phrases, the petition solely consists of claims stemming from the sovereign citizen belief that the state court did not have jurisdiction over petitioner in his criminal case. Thus, while Petitioner labels "Ground Two" of his petition as "Due Process of Law" (Doc. 9, p. 7), he elaborates that the "[trial] court, by design, is no longer a constitutional court." *Id.* Likewise, Petitioner labels "Ground Three" as "Constitutional Imperissionable [sic] Application of Statute(s)," and explains the claim is supported by the fact that the trial court failed to establish Petitioner is "a party to the Constitution" or that "a contract or agreement" existed. *Id.* at 8). Claims that an individual is not subject to the laws of the State of California have been repeatedly dismissed by district courts. *See Bland*, 2022 WL 1597730, at *2 (citing cases).

As Petitioner's claims are similarly based on widely debunked beliefs that have been roundly rejected by courts, the court finds that the petition for writ of habeas corpus in this case is frivolous. Petitioner's reliance on frivolous gimmicks, despite this Court's grant of leave to amend his original petition to state a claim, demonstrates that Petitioner is unable to raise a viable claim for relief, and that extending additional opportunities to amend would be futile. Accordingly, the undersigned will recommend that the Petition be dismissed with prejudice. *See Jarvis*, 440 F.2d at 14.

**B.  The 28 U.S.C. § 2254 Petition is Successive**

A second or successive application for habeas relief may not be filed in the district court without prior authorization from the Ninth Circuit Court of Appeals. 28 U.S.C. § 2244(b); *Felker v. Turpin*, 518 U.S. 651, 656-57 (1996). Prior authorization is a jurisdictional requisite. *Burton v. Stewart*, 549 U.S. 147, 152 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (once district court has recognized a petition as second or successive petition pursuant to § 2254(b), it lacks jurisdiction to consider the merits). A petition is second or successive if (1) the facts underlying the claim occurred by the time of the initial petition; and (2) the petition challenges the same state court judgment as the initial petition. *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018). *See also Magwood v. Patterson*, 561 U.S. 320 (2010) (defining the terms "second or successive" as applying to the same judgment that was challenged in a prior habeas petition).

1    "A habeas petition is second or successive only if it raises claims that were or could have
2    been adjudicated on the merits." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing
3    *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008)).  The dismissal of a first § 2254 petition for
4    untimeliness constitutes a "disposition on the merits" and "a further petition challenging the same
5    conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)." *Id.*

6    Petitioner filed an earlier § 2254 petition in August 2018 challenging the same 2014
7    convictions he challenges in the instant petition. *See Bland v. Clark*, No. 1:18-cv-01141-LJO-EPG,
8    2020 WL 508862 (E.D. Cal. Jan. 31, 2020). The assigned magistrate judge recommended that the
9    petition be dismissed as untimely. *Id*. at *8.  The assigned district judge adopted the findings and
10   recommendation, dismissed the petition as time-barred, and declined to issue a certificate of
11   appealability.  *See* 2020 WL 1862341, at *2.

12   Here, the instant petition is second or successive because the facts underlying the claims
13   asserted occurred by the time of the initial petition (the August 2018 petition), and the instant
14   petition challenges the same state court judgment as the August 2018 petition.  *See Brown*, 889
15   F.3d at 667.  Moreover, because the earlier petition (the August 2018 petition) was dismissed as
16   time barred, it is considered a disposition on the merits.

17   Because Petitioner has not shown that he had received prior authorization from the Ninth
18   Circuit Court of Appeals in advance of filing this second and successive petition, the Court lacks
19   jurisdiction over this action, and the Petition must be dismissed. 28 U.S.C. § 2244(b).

20   ### III.    ORDER AND RECOMMENDATION

21   The Clerk of Court is DIRECTED to randomly assign a district judge to this matter.

22   For the foregoing reasons, the Court HEREBY RECOMMENDS that the First Amended
23   Petition be DISMISSED with prejudice as frivolous and successive without prior authorization
24   from the Ninth Circuit Court of Appeals.

25   These Findings and Recommendations will be submitted to the United States District Court
26   Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636(b)(1)(B) and Rule
27   304 of the Local Rules of Practice for the United States District Court, Eastern District of
28   California.  Within **fourteen (14) days** after being served with a copy, Petitioner may file written

objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 31, 2023**

UNITED STATES MAGISTRATE JUDGE