UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND,<br><br>             Petitioner,<br><br>   v.<br><br>WARDEN, KERN VALLEY STATE PRISON,<br><br>             Respondent. | Case No. 1:22-cv-01171-JLT-CDB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS DISMISSING THE PETITION WITH PREJUDICE AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. 12) |

     On May 31, 2023, the assigned magistrate judge issued findings and recommendations to dismiss Petitioner's 28 U.S.C. § 2254 petition with prejudice as frivolous and successive. The Court served the findings and recommendations on Petitioner and extended to him 14 days to file objections thereto. More than 14 days have passed and as of the date of this Order, no objections have been filed. The findings and recommendations advised Petitioner that "failure to file objections within the specified time may result in the waiver of rights on appeal." (Doc. 12); *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

     Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court concludes the findings and recommendations are supported by the record and by proper analysis. In addition, the Court

declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner did not make the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of

appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court declines to issue a certificate of appealability. Based upon the foregoing, the Court **ORDERS**:

1. The findings and recommendations issued on May 31, 2023 (Doc. 12) are **ADOPTED IN FULL**.
2. Petitioner's First Amended Petition (Doc. 9) is **DISMISSED** with prejudice.
3. The Clerk of Court is directed to enter judgment and close this case.
4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **July 12, 2023**

UNITED STATES DISTRICT JUDGE